# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

**FILED**
September 17, 2025
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Yordanis Cobos-Martinez | ) | Case No. 3:25-MJ-916-BN |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of September 10, 2025 in the county of Dallas in the Northern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1253(b) | Failure to comply with conditions of release |

This criminal complaint is based on these facts:

See attached Affidavit of Deportation Officer Lonnie Felps

☑ Continued on the attached sheet.

*Complainant's signature*

DO Lonnie Felps, ICE ERO
*Printed name and title*

Agent sworn and signature confirmed via reliable electronic means, pursuant to Fed. R. Crim. P. 4.1.

Date: September 17, 2025

*Judge's signature*

City and state: Dallas, Texas    DAVID L. HORAN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Lonnie Felps, being duly sworn, depose and state the following:

1. I am a Deportation Officer with the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), Dallas, Texas Field Office. I have been employed by the aforementioned agency since 2012. I was employed as a Border Patrol Agent with Customs and Border Protection from 2008 to 2012. I am currently assigned to the FBI Joint Terrorism Task Force. My responsibilities include investigations related to the enforcement of the U.S. Immigration and Nationality Act ("INA") aimed at the detection, apprehension, prosecution, and removal of foreign nationals illegally and/or unlawfully present in the United States.

2. My knowledge of the following facts is based on my own investigation of the fact, as well as my communications with other agents and law enforcement officers who have investigated these facts. Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest Yordanis COBOS-Martinez for 8 U.S.C. § 1253(b)—failure to comply with conditions of release – I have not described all of the relevant facts and circumstances of which I am aware.

## FACTS AND CIRCUMSTANCES

3. Yordanis COBOS-Martinez (**COBOS**) presented himself for inspection and admission into the United States via the Lincoln-Juarez Port of Entry Bridge in Laredo, Texas on April 2, 2016. At the time of this encounter, **COBOS** had no documents that

would allow lawful admission into the United States.  **COBOS** was paroled into the United States.

4.	**COBOS** was encountered by ICE while in the custody of the Dallas County Jail on August 3, 2024.  A review of local records reveals on August 2, 2024, the Dallas Area Rapid Transit (DART) Police Department responded to a call for service regarding a male subject wielding a knife and throwing rocks at passing trains at the corner of Botham Jean and Powhattan Streets in Dallas, Texas.  Officers encountered a subject, later identified as Yordanis COBOS-Martinez, brandishing two knives, one in each hand.  Officers began giving the subject verbal commands to "stop," and "drop the knife."  **COBOS** did not comply with the officer's commands.  Due to his non-compliance with the officer's commands, and the fact that **COBOS** was armed with a knife, an officer deployed his taser, incapacitating the subject long enough for him to be taken into custody.  DART record checks showed that **COBOS** had an outstanding warrant from California for False Imprisonment.  **COBOS** was transported to the Dallas County Jail pending extradition for the outstanding warrant.

5.	An immigration detainer was issued for **COBOS** on August 3, 2024, at the Dallas County Jail.  On August 14, 2024, the subject was released to Dallas ERO custody in Dallas, Texas.  **COBOS** was issued a Notice to Appear before an Immigration Judge, charging him as a removable alien who, at the time of application for admission, had no documents required for lawful entry into the United States.

6.	**COBOS** was held in immigration custody in Alvarado, Texas pending the outcome of his immigration case.  An immigration judge ordered **COBOS** removed from

the United States to Cuba on October 23, 2024. On December 20, 2024, ICE formally requested the Cuban Consulate General's Office to issue a passport or other suitable documents to allow for the removal of **COBOS** to Cuba within 30 days. There is no record that ICE ever received a response, or travel documents, from the Cuban Consulate General's Office.

7. On or about January 13, 2025—24 days after ICE's request to the Cuban Consulate General's Office, that is, before the expiration of the 30-day period—**COBOS** was released from ICE custody under supervision, in accordance with 8 U.S.C. § 1231(a)(3), which regulates supervision of aliens who have been ordered removed but have not been removed, under regulations prescribed by the Attorney General. Prior to being released, **COBOS** was served with an Order of Supervision, immigration form I-220B, which contained various conditions. This form, which **COBOS** acknowledged having read and explained to him in his native Spanish language via his witnessed signature and fingerprint, contained the following explicit conditions (among others):

a) "That you appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal."

b) "Upon request of the agency, you appear for medical or psychiatric examination at the expense of the United States government."

c) "That you provide information under oath about your nationality, circumstances, habits, associations, and activities, and such other information as the agency considers appropriate."

Affidavit in Support of Criminal Complaint—Page 3

d) "That you do not travel outside California for more than 48 hours without first having notified this agency office of the dates and places, and obtaining approval from this agency office of such proposed travel."

e) "That you furnish written notice to this agency office of any change of residence or employment 48 hours prior to such change."

f) "That you report in person on 03/12/2025 at 10:00 a.m. to this agency located at 630 Sansome Street 5th Floor, ERO San Francisco Field Office, San Francisco, CA 94111."

g) "That you assist U.S. Immigration and Customs Enforcement in obtaining any necessary travel documents."

h) "That you do not associate with know[n] gang members, criminal associates, or be associated with any such activity."

i) "That you do not commit any crimes while on this Order of Supervision."

j) "That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document."

k) "That you provide ICE with written responses from the Embassy or Consulate regarding your request."

l) "Any violation of the above conditions would result in the revocation of your employment authorization document."

m) "Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted."

**Affidavit in Support of Criminal Complaint—Page 4**

8.  **COBOS** acknowledged the conditions and signed the Order of Supervision. **COBOS** was further admonished that "an alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 241(a)(3) or knowingly give false information in response to an inquiry under such section shall be fined not more than $1000 or imprisoned for not more than one year, or both."

9.  **COBOS** was released from ICE custody on January 13, 2025. **COBOS** listed his residence after his release as 320 45th Street, Oakland, California 94609. **COBOS** was advised to report to the San Francisco ERO office as set forth in the conditions of his release. Immigration databases show that **COBOS** failed to appear for this scheduled appointment, violating conditions (a) and (f), as set forth above and contained in his Order of Supervision.

10. On September 10, 2025, **COBOS** was encountered by Dallas ERO at the Dallas County Jail, within the Dallas Division of the Northern District of Texas, after his arrest by the Dallas Police Department for capital murder. Record checks revealed **COBOS** was arrested after he was observed using a machete to decapitate the manager of the Downtown Suites Motel in Dallas, Texas. This arrest constitutes a violation of condition (i) as set forth above and contained in his Order of Supervision.

11. Based on witness testimony, I believe that **COBOS** was residing and working without lawful employment authorization in the Dallas area, violating conditions (d) and (e) as set forth above, and contained in his Order of Supervision.

## CONCLUSION

12. Based on the facts described above, I have probable cause to believe **COBOS** failed to comply with the conditions of his release, in violation of Title 8, United States Code, Section 1253.

I hereby declare that the foregoing is true and correct pursuant to the investigation conducted in this case.

Lonnie Felps
Deportation Officer, ICE
Department of Homeland Security

Agent sworn and signature confirmed via reliable electronic means, pursuant to Fed. R. Crim. P. 4.1 on this the 17th day of September, 2025.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS